**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTOINE JAMES TRAVIS MARTIN,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, SOUTH WOODS STATE PRISON, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-2171<br><br>**OPINION**<br><br>November 17, 2026 |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus, (ECF 1, "Petition" or "Pet."), filed by *pro se* Petitioner Antoine James Travis Martin ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner is confined at South Woods State Prison in Bridgeton, New Jersey, pursuant to a state-court judgment of conviction. (*Id.* at 1.) The $5.00 filing fee was received on August 11, 2026. (Docket Entry dated Aug. 11, 2026.) For the reasons set forth below, the Court directs Respondents to answer the Petition, including addressing exhaustion and procedural default on a claim-by-claim basis.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted following a jury trial in the Superior Court of New Jersey, Middlesex County, of two counts of first-degree robbery, second-degree burglary, two counts of false imprisonment, second-degree theft by extortion, and fourth-degree hindering. (*See* Pet. at 1);*State v. Martin*, No. A-1224-17T1, 2019 WL 2265206, at *1 (N.J. Super. App. Div. May 28, 2019). He received an aggregate prison sentence of twenty-one and one-half (21 ½) years, with seventeen (17) years of parole ineligibility. *Id.*

On direct appeal, Petitioner raised four points: (1) the prosecutor made highly prejudicial comments during summation that denigrated the defense; (2) testimony by a police officer concerning his fear that Petitioner would become violent during interrogation, together with the State's related summation argument, required reversal; (3) the admission of hearsay evidence denied Petitioner a fair trial and due process; and (4) his aggregate sentence was manifestly excessive. (Pet. at 2.) The Appellate Division rejected the first three arguments and remanded for resentencing concerning the explanation for consecutive sentences and the sequencing of those sentences, while otherwise affirming the judgment of conviction. (*Id.* at 2-3.) A subsequent petition for certification in the New Jersey Supreme Court was denied. *See State v. Martin*, 220 A.3d 993 (N.J. 2019).

Petitioner later sought state post-conviction relief ("PCR"). *State v. Martin*, No. A-0331-23, 2025 WL 880729 (N.J. Super. App. Div. Mar. 21, 2025), *cert. denied*, 335 A.3d 992 (N.J. 2025). The Appellate Division's March 21, 2025 decision identifies two principal ineffective-assistance claims: trial counsel allegedly failed to call codefendant Brooke Hoffman ("Hoffman") as a witness, and trial counsel allegedly operated under a conflict of interest because counsel also represented the grandson of a material State witness in a separate criminal matter. *Id.* at *1. The Appellate Division affirmed the denial of PCR without an evidentiary hearing. *Id.*

In the present Petition, Petitioner challenges his state-court judgment of conviction and resulting sentence. (Pet. at 1-10.) The Petition and accompanying exhibits raise several challenges to the constitutionality of Petitioner's conviction and the adequacy of his representation at trial. (*See id.*; ECF No. 1-1.)

Construed liberally, Petitioner asserts that his trial counsel rendered ineffective assistance by operating under an alleged conflict of interest, failing to conduct an adequate investigation,

failing to pursue fingerprint testing, and failing to investigate or present potentially exculpatory evidence. (ECF No. 1-1 at 4-15.) Petitioner alleges that his attorney, Luis Negron, simultaneously represented Petitioner and the grandson of a victim, and that counsel did not disclose the alleged conflict until shortly before trial. (*Id.* at 4-5, 7.) Petitioner further contends that counsel failed to call his codefendant, Hoffman, to testify concerning his whereabouts at the time of the offenses and failed to adequately challenge the prosecution's evidence. (*Id.* at 9-11, 21-22.)

Petitioner also challenges the identification evidence presented at trial. (*Id.* at 9-12.) He alleges inconsistencies between the victim's testimony and statements attributed to a codefendant concerning whether the codefendant knew Petitioner's name before the offenses. (*Id.* at 12.) He further contends that the victim's description of one of the assailants was inconsistent with his physical stature and that fingerprint testing could have supported his claim of innocence. (*Id.* at 12-15.) Petitioner seeks relief from his conviction and sentence on these and related grounds. (*Id.* at 15-17.)

Petitioner's own responses to the habeas form are distinguishable from claims he raised on direct appeal, claims pursued in PCR proceedings, and claims he says were omitted by appellate or PCR counsel. In particular, he acknowledges that the conflict-of-interest claim was not raised on direct appeal, and he states that the fingerprint-testing and physical-description issues likewise were not raised there. (Pet. at 5-10.) The materials submitted do not conclusively establish whether Petitioner sought New Jersey Supreme Court review of the denial of PCR or establish the complete procedural history of every claim asserted within the Petition. (*See id.*)

## II. <u>LEGAL STANDARD</u>

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court must promptly examine a habeas petition and its attached exhibits. If it

plainly appears from those materials that the petitioner is not entitled to relief, the Court must dismiss the Petition and direct the Clerk to notify the petitioner. *See* Rules Governing § 2254 Cases, Rule 4.

A federal court may grant a writ of habeas corpus to a person held pursuant to a state-court judgment only if the petitioner establishes that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before a federal court may grant habeas relief, however, the petitioner ordinarily must exhaust the remedies available in the state courts. *Id.* at § 2254(b)(1)(A). Exhaustion is excused only when there is no available state corrective process or circumstances render that process ineffective to protect the petitioner's rights. *Id.* at § 2254(b)(1)(B).

To satisfy the exhaustion requirement, a petitioner must fairly present the factual and legal substance of each federal constitutional claim to the state courts, thereby affording those courts a meaningful opportunity to consider and correct the alleged constitutional violation. *Ross v. Adm'r E. Jersey State Prison*, 118 F.4th 553, 562-65 (3d Cir. 2024); *Evans v. Ct. of Common Pleas, Delaware Cnty.*, 959 F.2d 1227, 1230-31 (3d Cir. 1992). A claim ordinarily must be presented through the state's available appellate review process, including review by the state's highest court. *Ross*, 118 F.4th at 564.

The exhaustion inquiry is claim-specific. A petitioner's presentation of some claims on direct appeal does not establish exhaustion of different claims subsequently raised in a federal petition. Nor does the omission of a claim from direct appeal necessarily establish that the claim remains unexhausted: the claim may have been presented in state collateral proceedings. If a claim was not fairly presented and no state remedy remains available, the claim may be deemed exhausted but procedurally defaulted, subject to the governing rules concerning cause, prejudice,

and miscarriage of justice. *See id.* at 564-65.

## III. DISCUSSION

The state appellate decisions establish that Petitioner pursued direct review of four identified issues and later litigated at least two ineffective-assistance claims in PCR proceedings. *See Martin*, 2019 WL 2265206 at *1; *Martin*, 2025 WL 880729 at *1. The remaining questions require a more precise account of the state-court proceedings and the procedural status of each claim presented in the Petition.

First, Petitioner's direct appeal, as identified in the Appellate Division's opinion, addressed the prosecutor's summation, the police officer's testimony and related summation argument, the admission of hearsay evidence, and sentencing. *Martin*, 2019 WL 2265206 at *4-5. The opinion does not identify the alleged conflict of interest, the failure to obtain fingerprint testing, the failure to call Hoffman, or the alleged inconsistency in the assailant's physical description as separate direct-appeal issues. Therefore, the Court does not characterize those additional claims as having been raised on direct appeal.

Second, the record demonstrates that at least some ineffective-assistance claims were pursued through PCR. In its March 21, 2025 decision, the Appellate Division addressed Petitioner's allegations concerning trial counsel's failure to call Hoffman and counsel's alleged conflict of interest. *See Martin,* 2025 WL 880729. Accordingly, the conflict and Hoffman claims cannot accurately be described as claims that were never presented to a state court. Whether Petitioner fairly presented the corresponding federal constitutional claims through the available state-court review process, including any available review by the New Jersey Supreme Court, remains to be established.

Third, Petitioner's submissions indicate that the fingerprint-testing and physical-

description claims were not raised on direct appeal. (Pet. at 7-10.) The present record does not establish whether those claims were subsequently presented in PCR proceedings, whether any available state remedy remains, or whether they are procedurally defaulted. Those questions should not be resolved solely by reference to the fact that Petitioner omitted the claims from direct appeal.

The Court likewise cannot determine from the current submissions whether any unexhausted claim remains subject to an available state corrective process or whether a claim for which state remedies are no longer available is procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(B); *Ross*, 118 F.4th at 564-65. The distinction matters because a failure to exhaust and a procedural default are not interchangeable grounds for dismissal. Accordingly, the Court must identify the relevant state-court history before determining the appropriate disposition.

The Court does not at this stage decide whether Petitioner's allegations establish a violation of the Sixth or Fourteenth Amendment, whether any claim is procedurally defaulted, or whether Petitioner can establish cause and prejudice or a fundamental miscarriage of justice. The present record does not plainly establish whether the entire Petition must be dismissed, or whether some claims may proceed. Respondents are therefore directed to answer the Petition and address, separately for each claim, the state-court proceedings in which it was presented, whether it was fairly presented through the available state-court review process, and whether any claim is subject to procedural default. Respondents should support their response with the relevant state-court decisions and pertinent portions of the state-court record.

## IV. CONCLUSION

For the foregoing reasons, Respondents shall file an answer addressing the merits, exhaustion, and any asserted procedural default on a claim-by-claim basis, together with the

relevant state-court record, in accordance with the accompanying Order. Respondents shall file their answer within forty-five (45) days of the date of this Order. The Court expresses no view at this stage on the ultimate merits or procedural availability of any claim.

An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**